IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-865-O |
| | § | |
| YAZMIN PREK on behalf of | § | |
| WILBERTO PREK, ex parte. | § | |

## OPINION AND ORDER

Before the Court is an Emergency Petition for Writ of Habeas Corpus Due to Need of Urgent Medical Treatment filed by Yazmin Prek on behalf of her husband, Wilberto Prek, a pretrial detainee confined in the Tarrant County jail. After considering the petition and relief sought, the Court has concluded that the petition should be denied and the action dismissed without prejudice.

**I. DISCUSSION**

In this habeas petition, Ms. Prek asserts that her husband is awaiting trial for charges of continuous sexual abuse of a child and aggravated sexual assault of a child. Pet. 1, ECF No. 1. According to Ms. Prek, her husband is indigent, suffers from various mental and physical conditions, and is currently being represented by a public defender in his state criminal proceedings.

To the extent Ms. Prek seeks injunctive relief and/or complains of the conditions of her husband's confinement, including the alleged deprivation of medical treatment for severe sleep apnea, the proper vehicle for raising such claims is a civil rights action pursuant to 42 U.S.C. § 1983.

To the extent Ms. Prek seeks her husband's release from pretrial confinement, the federal habeas statute provides, in pertinent part, that an "[a]pplication for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. This petition was filed by the wife of the person for whose relief it

is intended. In *Whitmore v. Arkansas,* 495 U.S. 149 (1990), the Supreme Court made clear that standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. A party seeking to represent a prisoner in a habeas proceeding must: (1) explain why the real party in interest cannot prosecute the action in his own behalf; and (2) establish a significant relationship with and a true dedication to the best interests of the real party in interest. *Id.* Assuming, *arguendo,* that Ms. Prek has established a significant relationship with and a true dedication to the best interests of her husband in bringing this action, there is no indication that her husband cannot prosecute the action in his own behalf. Ms. Prek provides no documentary evidence of her husband's mental and physical disabilities and states that he is not at the present time mentally unstable. Pet. 3, ECF No. 1.

Further, although a state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241, he must first exhaust any and all state remedies before seeking federal habeas relief. *See Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987). Ms. Prek neither asserts nor demonstrates that she or Mr. Prek have sought and exhausted any and all state remedies available to them. In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2015). If the trial court denies habeas relief under Article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)).

## II. CONCLUSION

For the reasons discussed, the Emergency Petition for Writ of Habeas Corpus Due to Need of Urgent Medical Treatment is DENIED, and this matter is DISMISSED without prejudice.

**SO ORDERED** on this 30th day of October, 2017.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**